UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TAREK YOUSSEF HASSAN SALEH,

                          Plaintiff,                09 Civ. 9066 (DAB)

        -against-                                   ORDER

ERIC HOLDER, et al.,

                          Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

        On December 28, 2010, United States Magistrate Judge Gabriel

W. Gorenstein issued a Report and Recommendation ("Report"),

recommending that Defendants' Motion to Dismiss be GRANTED.

(Report at 1.)  For the reasons set forth below, after conducting

the appropriate levels of review following Plaintiff's

objections, the Report and Recommendation of Magistrate Judge

Francis dated December 28, 2010 shall be adopted as to its

factual recitations (id. at 1-8), and its findings and

recommendations concerning Plaintiff's constitutional and tort

claims (id. at 12-20).  Accordingly, the Court grants Defendants'

Motion to Dismiss in its entirety.


I.   Objections to the Report and Recommendation

        "Within fourteen days after being served with a copy [of a

Magistrate Judge's Report and Recommendation], a party may serve

and file specific written objections to the proposed findings and

recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. §

636(b)(1)(C).  The court may adopt those portions of the report
to which no timely objection has been made, as long as there is
no clear error on the face of the record.  <u>Wilds v. United Parcel
Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).  A district
court must review <u>de novo</u> "those portions of the report or
specified proposed findings or recommendations to which objection
is made."  28 U.S.C. § 636(b)(1)(C).  "To the extent, however,
that the party makes only conclusory or general arguments, or
simply reiterates the original arguments, the Court will review
the Report strictly for clear error."  <u>Indymac Bank, F.S.B. v.
Nat'l Settlement Agency, Inc.</u>, No. 07 Civ. 6865 (TSZ), 2008 WL
4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v.
Barkley</u>, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing
courts should review a report and recommendation for clear error
where objections are merely perfunctory responses, argued in an
attempt to engage the district court in a rehashing of the same
arguments set forth in the original petition.") (citation and
internal quotation marks omitted). After conducting the
appropriate levels of review, the Court may accept, reject, or
modify, in whole or in part, the findings or recommendations made
by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

      The objections of <u>pro se</u> parties are "generally accorded
leniency and should be construed to raise the strongest arguments

2

that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)). Nor are additional arguments properly raised in objections to a report and recommendation. Zimmelman v. Teachers' Retirement System of City of New York, No. 08 Civ. 6958 (DAB), 2010 WL 2034436, at *2 (S.D.N.Y. May 20, 2010), quoting Fabricio v. Artus, No. 06 Civ.2049(WHP), 2009 WL 928039, at *2 (S.D.N.Y. March 12, 2009) ("While a district court may entertain new evidence, it generally should not hear new grounds for relief or additional arguments that were not presented in the petition.")

Pro Se Plaintiff timely filed objections to the Report. Docket # 50.


II. Discussion

Familiarity with the facts alleged in the Complaint and detailed in the Report is assumed.

Plaintiff initially objects to the fact that the Report does not specify a deadline for the filing of a Second Amended Complaint. Obj. at ¶ 1. Plaintiff raises further objections to the Report's legal conclusions, citing no authority beyond a recitation of facts previously alleged in the Complaint and considered by Magistrate Judge Gorenstein. See Obj. ¶¶ 2-9; see also Report at 1-8 (laying out facts before the Court).

Plaintiff may use his objections to the Report neither to re-litigate issues previously presented, see Howell v. Port Chester Police Station, No. 09 Civ. 1651(CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar.15, 2010) (citation omitted), nor to raise entirely new arguments not previously presented to the Magistrate. See Zimmelman v. Teachers' Retirement System of City of New York, No. 08 Civ. 6958 (DAB), 2010 WL 2034436, at *2 (S.D.N.Y. May 20, 2010) (citation omitted). Accordingly, Plaintiff's objections do not trigger de novo review. Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008).

Here, Plaintiff initially objects to the fact that the Report does not set a deadline by which he may file a Second Amended Complaint in which to re-plead his FTCA claim. As the Report correctly found, however, the Supreme Court has squarely addressed the issue and held that where a suit is commenced prior to the filing of an administrative complaint, it must be

4

dismissed even where the failure to file an administrative complaint is later cured.  <u>See</u> Report at 14; <u>McNeil v. United States</u>, 508 U.S. 106, 111, 113 (1993).  Accordingly, no amendment of the Complaint may save Plaintiff's FTCA action, and no deadline for the filing of an amended complaint need be set.

The Court finds that the remainder of Plaintiff's Objections merely invite the Court to rehash arguments already considered on the basis of facts previously before the Court and thus do not trigger <u>de novo</u> review. Having reviewed the Report's legal conclusions for clear error, and having found none, the Court adopts the Report in its entirety.


## III. Conclusion

Having conducted the appropriate level of review of the Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein dated December 28, 2010, this Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. Accordingly, Defendants' Motion to Dismiss is GRANTED in its entirety, and Plaintiff's Complaint is dismissed with prejudice and on the merits.

Because the Court finds that amendment would be futile, permission to file an amended complaint is DENIED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith.   See Coppedge v.
United States, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917
(1962).

     The Clerk of Court is directed to close the docket in this
case.


SO ORDERED.


Dated:     New York, New York
           March 4, 2011
                                 _Deborah A. Batts_
                              DEBORAH A. BATTS
                         United States District Judge

6